IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THERESA ANN DOBBS, § | | |
| § | | |
| Plaintiff, § | | |
| § | | CIVIL ACTION NO. |
| v. § | | 3:07-CV-1124-M |
| § | | |
| LUPE VALDEZ IN HER OFFICIAL § | | |
| CAPACITY AS SHERIFF OF THE § | | |
| COUNTY OF DALLAS, TEXAS, § | | |
| § | | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Summary Judgment of Defendant Lupe Valdez ("Valdez"), alleging that there is no genuine issue of material fact concerning the claims of Plaintiff Theresa Dobbs ("Dobbs"). Having considered the Motion, the Response, the evidence before the Court, and the applicable law, the Court is of the opinion that the Motion should be **GRANTED** as to the Plaintiff's federal claims and that her state claims should be dismissed without prejudice.

## FACTUAL BACKGROUND

Dobbs, a resident of Texas, sues Valdez in her official capacity as the Sheriff of Dallas County. Dobbs received a traffic citation in Dallas in 2006, for not wearing a seat belt. The citation was set for hearing in municipal court; however, Dobbs did not appear for her hearing, and the court issued a warrant for her arrest. On the morning of August 24, 2006, Dobbs was arrested and brought directly to Lew Sterrett Jail, in Dallas. The jail's records show that processing of Dobbs began at 10:25 a.m. During processing, Dobbs was placed in a holding cell

for women on the first floor of the jail. Upon completion of the paperwork, Dobbs was taken to a cell on the second floor.

Dobbs's paperwork was placed in a tray in Central Intake, on the first floor of the jail. It was never transferred to the second floor. Dobbs remained in the second floor cell until 6:00 p.m. on August 24, 2006, when she was moved to a different cell, where she remained until August 26, 2006, at 4:00 p.m., when she was brought to the City magistrate judge's docket call. Dobbs was given credit for time served and released from custody at 8:00 p.m. on August 26, 2006, having spent more than 57 hours in jail. Dobbs's paperwork was found on August 30, 2006, still in the Central Intake tray.

Dobbs contends that the two and a half day detention violated her federal constitutional and state statutory rights, and resulted directly from the official policies of the Dallas County Sheriff. Dobbs maintains that the Sheriff should have expedited the processing and release of persons who were to appear in municipal court. Dobbs premises her argument on two alleged official policies/practices of the Sheriff.

First, Dobbs points to the absence of a policy giving priority in processing to "persons whose only offense involves a case to be filed in the City's municipal court." She claims that the absence of such a policy ensures that City prisoners are held for an inappropriate duration. Dobbs maintains that expedited processing of such persons would avoid them having to wait eight to sixteen hours in holding cells for processing to be completed. The Sheriff's policies allow for a Shift Commander or Division Commander to order expedited processing, if a prisoner has been sentenced to less time than it would take for normal processing. Dobbs maintains that there

should be a policy expediting processing for every person charged with a Class C misdemeanor, since such persons are not subject to a sentence of jail time.[1]

Second, Dobbs faults the custom of jail personnel waiting for the City to prepare and then deliver a list of prisoners to be brought to municipal court. City personnel prepare the list from the Sherrif's paperwork, which the City gets from the tray on the second floor of the jail. Dobbs argues that the custom of waiting for a list from the City allows the Sheriff to hold a City prisoner for an unreasonable period, and that, instead, the Sheriff should promptly bring prisoners to municipal court with their arrest information, so that City personnel can immediately place their cases on the docket.

Defendant contends that Dobbs's continued detention was the result of a deviation from official policy and, essentially, a mix up in paperwork. Defendant filed its Motion for Summary Judgment alleging that there is no genuine issue of material fact, because Plaintiff was not intentionally detained in violation of federal due process rights or any state laws.

## ANALYSIS

### *Summary Judgment Standard*

Summary judgment is warranted when the facts and law, as reflected in the pleadings, affidavits, and other summary judgment evidence show that no reasonable trier of fact could find for the nonmoving party as to any material fact. *See* FED. R. CIV. P. 56; *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). "The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate

---

[1] Under Texas Penal Code §12.23, the punishment for Class C felonies is limited to a fine not to exceed $500. The statute does not authorize detention.

elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 322–25). Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).

The nonmovant is then required to go beyond the pleadings and designate specific facts that prove the existence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists." *Lynch Props.*, 140 F.3d at 625; *See also Keelan v. Majesco Software, Inc*., 407 F.3d 332, 338 (5th Cir. 2005). "If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991).

*Constitutional Claims*

Dobbs alleges that the City deprived her of her rights under 42 U.S.C. §1983, which declares that any person who deprives a citizen of any rights, privileges, or immunities secured by the Constitution, under color of law, shall be liable to the party injured. Under §1983, a municipal official can only be held liable if there is either an unconstitutional action by official policymakers or a policy or custom that caused the deprivation of a constitutional right. *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978). Here, there is no allegation of an unconstitutional action by the Sheriff. The policy/custom is what is in issue. Municipal liability for a policy or custom requires proof of three elements: 1) a policymaker, 2) an official policy or custom, and 3) a violation of constitutional rights whose "moving force" is the policy or custom.

*Id*. The satisfaction of these three elements is "necessary to distinguish individual violations perpetuated by local government employees from those that can be fairly identified as actions of the government itself." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Dobbs fails to establish the necessary elements to state a claim under §1983.

First, a plaintiff must demonstrate the presence of a municipal policymaker, with actual or constructive knowledge of a custom, who has been designated as the final policymaker by a governmental body. *Jett v. Dallas Independent School District*, 491 U.S. 701, 737 (1989); *Piotrowski*, 237 F.3d at 579; *Webster v. City of Houston*, 735 F.2d 838, 843 (5th Cir. 1984); *Bennett v. City of Slidell*, 728 F.2d 762, 769 (5th Cir. 1984). Here, the Sheriff is ultimately responsible for the policies of the jail in processing prisoners. Valdez does not deny that she has such authority.

Second, a plaintiff must demonstrate the existence of an official policy or custom. *Piotrowski*, 237 F.3d at 579. Such a policy or custom may be contained in policy statements, ordinances or regulations, or may be evidenced by a "persistent, widespread practice of City officials or employees, which . . . is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Webster*, 735 F.2d at 841; *see also Bd. Of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 405-07 (1997). Here, Dobbs provides no evidence of an official policy or custom to hold City prisoners unreasonably long. While she identifies the practice of waiting for a list and the lack of a policy to expedite processing for all Class C arrestees, that is insufficient to establish a policy or practice to hold City prisoners for an undue period. If Plaintiff's paperwork was not misplaced, presumably she would not have been detained overnight.

The evidence establishes that Dobbs's detention resulted not from an official policy or intentional act, but rather resulted from an inadvertent error in directing her paperwork. There is no evidence before the Court of repeated instances of misplaced paperwork, nor of repeated overnight holding of Class C arrestees. Dobbs has not demonstrated other extended detentions, nor that Valdez was deliberately indifferent to delays. Dobbs has failed to demonstrate the second element required for a §1983 violation.

Although the absence of the second element would be fatal to the Plaintiff's §1983 claim, the third element of a §1983 claim is also absent here. To prevail, a plaintiff must prove that the "moving force" for a constitutional violation was the alleged policy. *Monell*, 436 U.S. at 694. The plaintiff must establish a causal link between the policy or custom and the deprivation of constitutional rights. *Snyder v. Trepagnier*, 142 F.3d 791, 796 (5th Cir. 1998). Here, Dobbs does not identify a cognizable constitutional right violated by her detention.

In her Complaint, Dobbs alleges that her due process rights under the Fifth Amendment were intentionally violated. She claims that her prolonged detention violated her Fifth Amendment right to be taken to a magistrate judge within forty eight hours of her arrest, citing *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991). However, in *McLaughlin*, the Supreme Court determined that persons arrested *without warrants* were entitled to prompt judicial determinations of probable cause. Here, Dobbs was arrested and held pursuant to a warrant, where a judicial officer found probable cause before Dobbs's arrest and detention. *McLaughlin* does not establish a constitutional right that a detainee must be seen by a judicial officer in forty eight hours. Dobbs does not establish that a constitutional right was violated by her detention.

Although the Court is very sympathetic to Dobb's distress at being detained for more than two full days for a Class C misdemeanor, that sympathy cannot supplant the necessity that

Dobbs establish the elements of her claim. Because she has failed to establish the elements necessary to state a claim under §1983, summary judgment for Valdez is appropriate.

*State Claims*

Dobbs also asserts a violation of her right under state law to be taken immediately before a magistrate judge. TEX. TRANSP. CODE § 545.413 (2007). Federal courts may decline to exercise supplemental jurisdiction over a state law claim under 28 U.S.C. §1367(a) if "the district court has dismissed all claims over which it had original jurisdiction." 28 U.S.C. §1367(c); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Batiste v. Island Records*, 179 F.3d 217, 227 (5th Cir. 1999); *Nagy v. George*, 2007 WL 2122175 at *10 (N.D.Tex. 2007). As the Fifth Circuit has stated, "once the crutch is removed—the claim that supports the supplemental jurisdiction of the other claim or claims—the other should not remain for adjudication." *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993). Since this Court has dismissed the federal claims, it declines to exercise supplemental jurisdiction, and dismisses the state law claims without prejudice, for possible adjudication in state court.

## CONCLUSION

The Court having found that there are no genuine issues of material fact, **GRANTS** Defendant Lupe Valdez's Motion for Summary Judgment on her claims under 42 U.S.C. § 1983, and dismisses her state law claim without prejudice.

**SO ORDERED** this 3rd day of July, 2008.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
**NORTHERN DISTRICT OF TEXAS**