IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THERESA ANN DOBBS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:07-CV-1124-M |
| LUPE VALDEZ IN HER OFFICIAL | § | |
| CAPACITY AS SHERIFF OF THE | § | |
| COUNTY OF DALLAS, TEXAS, | § | |
| | § | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for New Trial [Docket Entry #32]. Having considered the Motion, the Court is of the opinion that it should be DENIED.

On July 14, 2008, shortly after the Court granted summary judgment in favor of Defendant Sheriff Lupe Valdez ("Valdez"), Plaintiff Theresa Ann Dobbs ("Plaintiff") filed a Motion for New Trial pursuant to Federal Rule of Civil Procedure 59. The Plaintiff asserts two grounds for granting a new trial: (1) the facts found by the Court in its analysis of the §1983 claim were not proven by the summary judgment evidence; and (2) the Court failed to address the alleged violation of Plaintiff's constitutional due process rights resulting from the Defendant's alleged intentional violation of state law.

The Plaintiff's first ground of error relies on a claimed violation of 42 U.S.C. §1983. In her Complaint, the Plaintiff contends that the fifty seven hours she served in detention for failing to attend a scheduled hearing on a Class C misdemeanor, after service of an arrest warrant, violated her federal constitutional and state statutory rights. Plaintiff alleges that Valdez, in

contravention of §1983, deprived Plaintiff of her rights, privileges, and immunities as secured by the Constitution and/or laws, making the Defendant liable.  Under §1983, a municipal official can be liable only if the Plaintiff proves the existence of either an unconstitutional action by official policymakers, or of a policy or custom that caused the deprivation of a constitutional right.[1]  Here, only the policies and customs of Valdez are in question.  Municipal liability for a policy or custom under §1983 requires proof of three separate elements: 1) a policymaker; 2) an official policy or custom; and 3) a violation of constitutional rights whose "moving force" is the policy or custom.[2]

Under the second element of a §1983 claim, the Plaintiff bears the burden of proving the existence of an official policy or custom of the Defendant.[3]  On Page 6 of its Memorandum Opinion and Order granting Summary Judgment ("Memorandum Opinion"), this Court held that the Plaintiff failed to demonstrate an official policy or practice of holding persons charged with Class C misdemeanors for an excessive period of time.  That deficiency remains.

The Plaintiff claims that Valdez's failure to automatically give priority in processing to persons "whose only offense involves a case to be filed in the City's municipal court" ensures that such offenders will be held for an improper length of time, and therefore constitutes an impermissible policy or custom.  Plaintiff further argues that this Court, in granting summary judgment, improperly found that lost paperwork was the sole cause of the delay, rather than an improper policy or custom.  In fact, on Page 6 of its Memorandum Opinion, this Court specifically held that Plaintiff failed to prove instances of other extended detentions, or the

---

[1] *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978).

[2] *Id.*; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

[3] *Piotrowski*, 237 F.3d at 578-79.

Defendant's deliberate indifference to such delays, regardless of any alleged mishap with Plaintiff's paperwork. That amounts to a finding that Plaintiff did not demonstrate a "policy" that led to the delay in her release, or a "custom" of such delays, as is required under §1983.

Further, Valdez correctly notes that the Plaintiff in this case was not detained as a direct result of the Class C misdemeanor. The Plaintiff was detained by authority of an arrest warrant, issued by a Magistrate Judge upon a finding of probable cause, after the Plaintiff failed to appear for a scheduled hearing on the Class C misdemeanor. The Plaintiff claims that her prolonged detention violated her Fifth Amendment due process right to be taken to a Magistrate Judge within forty eight hours of her arrest, citing *County of Riverside v. McLaughlin*. In *McLaughlin*, the United States Supreme Court determined that persons arrested *without warrants* were entitled to prompt judicial determinations of probable cause.[4]

*McLaughlin* does not establish a constitutional right to see a judge within forty eight hours when a person is detained pursuant to an arrest warrant issued by a judge. A probable cause determination can be made either before or shortly after an arrest. If an arrest is made pursuant to a valid warrant issued by a Magistrate Judge, then the detainee need not be brought promptly before a judge after the arrest, since a probable cause determination had already been made by the Magistrate Judge before the arrest took place.[5] "A person arrested pursuant to a warrant issued by a magistrate on a showing of probable [ ] cause is not constitutionally entitled to a separate judicial determination that there is probable cause to detain him pending trial."[6]

---

[4] *County of Riverside v. McLaughlin*, 500 U.S. 44, 55 (1991) (citing *Gerstein v. Pugh*, 420 U.S. 103, 125 (1975)).

[5] *Baker v. McCollan*, 443 U.S. 137, 143 (1979) (finding no cognizable § 1983 claim where detainee was arrested pursuant to a facially valid warrant and held for three days, despite the sheriff's failure to investigate detainee's assertions of mistaken identity); *United States v. Garza*, 754 F.2d 1202, 1211 (5th Cir. 1985).

[6] *Baker*, 443 U.S. at 143; *see also Harris v. Payne*, 254 Fed. Appx. 410, 418 (5th Cir. 2007) (upholding district court's grant of summary judgment for defendants because plaintiff failed to establish a valid §1983 claim, even when plaintiff was wrongfully detained for four months due to mistaken identity, because the plaintiff was arrested

As a result, the Plaintiff's arguments about Valdez's procedures following Plaintiff's arrest pursuant to an arrest warrant are irrelevant to the general issue of a detainee's right to see a judge promptly after arrest for a Class C misdemeanor. The Plaintiff has failed to establish that a constitutional right was violated by the policies of the Defendant that led to or extended her detention, and thus, she cannot pursue a claim under §1983. The Court will not grant a new trial on this basis.

In her second ground of error, the Plaintiff alleges that the Court failed to address her argument that Defendant's intentional violation of state law resulted in a denial of Plaintiff's due process rights under the United States Constitution. Specifically, Plaintiff claims that Valdez intentionally violated Texas Transportation Code § 545.413(a), which resulted in a violation of Plaintiff's constitutional rights. This ground of error fails for the same reason as the first. Plaintiff has stated no legal right on which a constitutional due process claim can be based.

The Due Process Clause of the United States Constitution is only violated when government officials make deliberate decisions that deprive individuals of their liberty or property interests.[7] The burden is on the Plaintiff to prove an intentional act by Valdez that deprived her of an actual liberty or property interest. If the Plaintiff cannot identify a specific legal right that Valdez intentionally violated, she cannot maintain a claim for deprivation of her due process rights.

Here, Plaintiff presents no constitutional, statutory, or other legal basis in support of her claim that she was entitled to immediate presentment before a Magistrate Judge following an arrest made pursuant to a judicial warrant. Plaintiff's state law claim rests on Texas

---

pursuant to a valid warrant following grand jury indictment based on probable cause, and the plaintiff was not constitutionally entitled to a second determination of probable cause).

[7] *Daniels v. Williams*, 474 U.S. 327, 331 (1986).

Transportation Code § 545.413(a). Plaintiff asserts that this section "creates a liberty interest and expectancy of release that is protected by the Due Process Clause of the United States Constitution." But § 545.413(a) merely states that the failure to wear a safety belt is an offense, which is the underlying Class C misdemeanor with which Plaintiff was originally charged.[8] This section creates no legal right for persons arrested pursuant to a judicial warrant after failing to appear for a scheduled hearing on such an offense.

Plaintiff claims that § 545.413(a) requires the sheriff to take prisoners held for traffic violations to a Magistrate Judge "immediately upon request." This requirement is actually found in Texas Transportation Code § 543.002(a)(2).[9] But this argument fails for the same reason as the Plaintiff's first ground of error. The Plaintiff was not detained in this case for a traffic violation, but for failing to appear for a scheduled hearing, which resulted in the issuance of an arrest warrant by a Magistrate Judge. Valdez did not intentionally violate either § 545.413(a) or § 543.002(a)(2) by detaining the Plaintiff pursuant to this valid arrest warrant. The Plaintiff asserts no other legal ground for this alleged violation of state law. Without identification of a cognizable legal right, there can be no due process violation. The Court will thus not grant a new

---

[8] Texas Transportation Code § 545.413(a) provides:
"(a) A person commits an offense if:
    (1) the person:
        (A) is at least 15 years of age;
        (B) is riding in the front seat of a passenger vehicle while the vehicle is being operated;
        (C) is occupying a seat that is equipped with a safety belt; and
        (D) is not secured by a safety belt; or
    (2) as the operator of a school bus equipped with a safety belt for the operator's seat, the person is not secured by the safety belt."

[9] Texas Transportation Code § 543.002(a)(2) provides:
    "(a) A person arrested for a violation of this subtitle punishable as a misdemeanor shall be immediately taken before a magistrate if:
        … (2) the person demands an immediate appearance before a magistrate or refuses to make a written promise to appear in court as provided by this subchapter."

trial on the Plaintiff's second ground of error.

IT IS THEREFORE ORDERED that the Court's July 3, 2008 Order granting Summary Judgment for the Defendant stands, and the Plaintiff's Motion for a New Trial is hereby DENIED.

**SO ORDERED.**

**DATED:** October 8, 2008.

_____
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**